**SAM GLASSCOCK III**
VICE CHANCELLOR

# COURT OF CHANCERY
## OF THE
# STATE OF DELAWARE

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 9, 2018
Date Decided: August 21, 2018

J. Peter Shindel, Jr., Esquire
Daniel J. McBride, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

R. Bruce McNew, Esquire
Christopher H. Lee, Esquire
Cooch & Taylor, P.A.
1000 West Street, 10th Floor
Wilmington, Delaware 19899

Sean M. Brennecke, Esquire
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801

Re: *Alpha Holdings, Inc. et al. v. Chris Kim et al.*, Civil Action No. 2018-0283-SG

Dear Counsel:

This matter is scheduled for trial in November on a subset of the issues raised in the Complaint, composed of the contractual issues raised in Counts I and II. In rather lengthy telephone and office conferences, I have attempted, unsuccessfully, to give the parties guidance on how the short time remaining before trial should be used. At an office conference of July 19, 2018, I had an extended discussion with counsel about issues they had been unable to resolve in connection with a pretrial scheduling order, a discussion occupying, I find, twenty-eight pages of reported transcript. By the conclusion of that effort, I believed the substantive issues had

been resolved; I left it to the parties, however, to act in the tradition of the Delaware bar to resolve practical issues without Court intervention, and to provide a stipulated form of order. In pursuing that case management strategy, I was unwise.

I have attempted to review the parties' proposed versions of an appropriate scheduling order on the expedited matters. The disagreements are pervasive.

As I have tried to convey, unsuccessfully, litigation in this forum is bounded by rules, but those rules assume that norms of behavior, implicitly followed, will inform actions of counsel. Without the norms, the rules are impotent. One of the perhaps underappreciated keys to the success of Delaware as a litigation forum is the strength of the traditions of our bar, and the extent to which even hard-fought litigation is self-cabined by respect for these traditions and norms, and of counsel for one another.

I will not repeat here some of the picayune disputes in the competing scheduling orders, because there are legitimate differences between the parties that it was appropriate to submit to me, and which I deal with here. I granted expedition on the contract issues because it appeared to me that complete relief, should the Plaintiffs prevail, likely depended upon it. I declined to enter a stay of other discovery in the case, leaving it to the discretion of counsel to decide how to proceed on such non-expedited discovery in light of the demands of the impending

November litigation, and in light of the benefits of avoiding duplicate discovery that a stay might compel. Again, this has proved unwise.

Accordingly, I am staying discovery on all issues except those necessary to the trial of Counts I and II. This includes a stay of further discovery from Defendant Thomas Jefferson University and of the "mismanagement" or "receivership" issues, with the exception that the Plaintiffs may seek the bank records of Viral Gene. Any party may seek to lift this stay before the November trial, but the stay will not be disturbed absent good cause shown.

With this directive, it should be possible for the parties to confer and agree on a sensible schedule to prepare this matter for trial on a paper record scheduled for November 16, 2018. Accordingly, the parties should submit a stipulated order governing the expedited proceedings by 4:00 p.m. on August 24, 2018. The order should provide for completion of briefing on the Defendants' motion to dismiss limited to the allegations of Counts I and II. It should omit, however, pre-trial briefing, which I will forgo in the interests of expedition and in recognition of the limited issues presented. Given the exigencies of time, I will either decide the motion to dismiss on the papers promptly, or defer consideration until after argument on November 16, as I find appropriate on review of the briefs.

In the alternative, should the parties be unable to come to an agreement on a stipulated order, they should each provide a comprehensive form of order governing

the pretrial proceedings. It is my intention, in that case, to enter in its entirety the form of order that best comports with the guidance of this Court in past office conferences and this Letter Order, the exigencies of the upcoming litigation, and the norms and traditions of the Delaware bar, and without modification by the Court other than for the Court's convenience.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III